UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

        v.                                                         Case No. 24-cv-0150-bhl

MILWAUKEE COUNTY CIRCUIT COURT et al.,

        Defendants.

## SCREENING ORDER

        On February 5, 2024, Marcus L. Lewis, proceeding *pro se*, filed a complaint against the Milwaukee County Circuit Court and various other state and local government entities.[1] (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

        Lewis reports that he is unmarried and unemployed, with no dependents and no monthly income. (ECF No. 2 at 1–2.) His only income in the last twelve months was a $678.24 refund from Milwaukee Area Technical College (MATC) and he has $5 in cash or accounts and no other assets. Lewis also lists monthly expenses totaling $103 ($53 for a cell phone and $50 for food) and indicates he was fired from his job and is currently homeless. (*Id.* at 2–4.) On this record, Lewis is sufficiently indigent for a fee waiver.

---

[1] Milwaukee County Sheriff's Office, Wisconsin State Public Defender – Milwaukee Trial Office, Criminal Traffic Division Milwaukee County Safety Building Room 117, Cudahy Municipal Court, Cudahy Police Department, and Milwaukee County District Attorney's Office. (ECF No. 1 at 1.)

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Lewis's complaint is difficult to read and largely devoid of factual allegations. He uses the Court's form complaint for non-prisoner filers and names seven defendants: Milwaukee County Circuit Court, Milwaukee County Sheriff's Office, Wisconsin State Public Defender – Milwaukee Trial Office, Criminal Traffic Division Milwaukee County Safety Building Room 117, Cudahy Municipal Court, Cudahy Police Department, and Milwaukee County District Attorney's Office. In the portion of the form for the statement of his claim, he indicates he is seeking punitive damages for a "Violation of Civil Rights." (ECF No. 1 at 2.) This is followed by a long list of names and local government entities, many of which are only partially legible. (*Id.*) Many of the names listed

have titles: "Officer," "Sergeant," "Prosecutor," "[Public Defender]," and "Judge." (*Id.*) He then provides what appears to be a long list of legal citations and potential legal theories, including references to 42 U.S.C. § 1983 and constitutional amendments and violations. (*Id.* at 3.) Some of these references are accompanied by individual names. (*Id.*) He cryptically states "2-26-20 up to present moment 2024" and "Milwaukee County and City of Cudahy." (*Id.*) He then offers another laundry list of various legal and nonlegal terms, devoid of context, including "abuse of power," "arrest incentives," "racial profiling," "family problems," and "divorce anger." (*Id.*) For relief, he requests $750,000 in "Financial Compensation – punitive damages." (*Id.* at 4.) He then offers a potential glimpse into the facts that may have given rise to his grievance, mentioning an "unlawful stop" that cost Lewis his job and "end[ed] [his] career." (*Id.*)

## ANALYSIS

Lewis's allegations are insufficient to state a claim for relief. A complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Lewis must still plead facts sufficient to put each Defendant on notice of any claims against it. He has not done so.

Even where his complaint is legible, Lewis fails to allege any facts that could plausibly show that he is entitled to relief. The only factual allegations in Lewis's complaint are that was subjected to an unlawful stop and "years of dismissed cases in Milwaukee and Cudahy." (ECF No. 1 at 4.) The rest of the complaint is a laundry list of names, government entities, and legal and non-legal terms not tied together. To the extent he believes he was the victim of an improper stop by a police officer, he does not provide any details about the stop, including who stopped him, where, when, or why he thinks it was improper. This is insufficient to state a claim.

The list of institutional defendants Lewis names is also problematic. A police department is not a suable entity under Section 1983. *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Neither is the Wisconsin State Public Defender. *Gorokhovsky v. State Pub. Def. Off.*, No. 20-cv-1098-pp, 2021 WL 39544, at *6 (E.D. Wis. Jan. 5, 2021). Same goes for the Milwaukee County District Attorney's Office. *Omegbu v. Milwaukee County*, 326 F. App'x 940, 942 (7th Cir. 2009) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). And the final named defendant,

Criminal Traffic Division Milwaukee County Safety Building Room 117, is an actual room inside a building. It should be self-evident that it is not a proper defendant for Lewis's lawsuit.

Because Lewis is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint that cures the deficiencies identified in this order. If he decides to proceed with an amended complaint, Lewis should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Lewis should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. And he should name as defendants those specific individuals who have deprived him of rights. Lewis is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Lewis's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Lewis wishes to proceed with this lawsuit, he must file an amended complaint. The amended complaint must be filed with the Court on or before **March 11, 2024**. If the Court does not receive Lewis's amended complaint by that date, the case will be dismissed for Lewis's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on February 9, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge