UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

   v.                                    Case No. 24-cv-0150-bhl

MILWAUKEE COUNTY CIRCUIT COURT et al.,

        Defendants.

## SCREENING ORDER

On February 5, 2024, Marcus L. Lewis, proceeding *pro se*, filed a complaint against the Milwaukee County Circuit Court and various other state and local government entities. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) On February 9, 2024, the Court screened Lewis's complaint and concluded that while Lewis had established his indigency, his complaint failed to state a claim on which relief could be granted. (ECF No. 4.) The Court allowed Lewis additional time to file an amended complaint that clearly explained the factual basis of his lawsuit and asserted claims against defendants that are not immune from suit.

On March 11, 2024, Lewis filed an unsigned amended complaint alleging that Deputies Francisco J. Izquierdo, Yia Vang, Michael Szudarski, Steven Haw, and Quiton Miller and Sergeant Andrew Bilda of the Milwaukee County Sheriff's Office violated his constitutional rights in connection with a December 5, 2021 traffic stop in Wauwatosa. (*See* ECF No. 5.) Lewis's amended complaint also contains a confusing narrative of several events in Milwaukee County Circuit Court and a brief description of an unrelated 2020 traffic stop and subsequent arrest in Cudahy. As explained below, Lewis's amended complaint states claims for Fourth Amendment violations by Deputies Izquierdo, Vang, Szudarski, Haw, Miller, and Sergeant Bilda. Any other claims Lewis is attempting to raise are insufficient and will be dismissed.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Lewis alleges that he was unlawfully stopped by Deputy Izquierdo on December 5, 2021, sometime after 1:30 a.m. (ECF No. 5 at 1.) According to Lewis, he was exiting Interstate 94 at Mitchel Boulevard to get gas when Deputy Izquierdo pulled him over. (*Id.*) Lewis informed Deputy Izquierdo that he was low on gas and gave the officer his driver's license. (*Id.* at 1–2.) Deputy Izquierdo asked Lewis where he was coming from and (apparently not receiving a satisfactory answer) "repeatedly asked [Lewis] the same questions." (*See id.* at 2.) To which

Lewis replied, "[W]hy [do] you keep asking me that question[?]" (*Id.*) Deputy Yia Vang then arrived on the scene and the situation escalated. Lewis's account of the incident becomes jumbled and hard to follow at this point. (*See id.*) Deputy Vang apparently called for backup, stating that Lewis was "refusing to get out, and argumentative." (*Id.*) At some point after Deputy Vang's call, Sergeant Andrew Bilda and Deputies Steven Haw, Michael Szudarski, and Quiton Miller arrived. Lewis alleges that Deputy Vang put "tire block sticks" in front of his tires and the officers surrounded Lewis's car in an effort to intimidate him. (*Id.* at 3.) Lewis alleges Sergeant Bilda "failed to intervene" to prevent the situation from escalating. (*See id.*) According to Lewis, he was respectful and nonthreatening to the officers throughout the encounter. (*Id.*) Nevertheless, Deputy Haw eventually broke Lewis's car window and Deputy Szudarski grabbed Lewis and pulled him from the car. (*Id.* at 6.) Lewis alleges he was "hip tossed" by a smiling Detective Szudarski and then "swarmed by three deputies," with Sergeant Bilda eventually joining "to help [the deputies] tackle [Lewis]." (*Id.*) According to Lewis, Deputy Szudarski then "became irate out of nowhere," grabbed Lewis, and "yelled evilly" for handcuffs. (*Id.*) Deputy Szudarski then allegedly almost tased a defenseless Lewis as he was pinned to the ground on his stomach, but Deputy Vang stepped in front of Deputy Szudarski and prevented him from tasing Lewis. (*Id.* at 6–7.) Lewis was then searched by Deputies Vang, Szudarski, Izquierdo, and Miller. (*Id.* at 7.) His car was also searched by Deputies Vang and Haw. (*Id.*) Lewis was then transported to the hospital, apparently after being arrested. While in the hospital, Lewis was handcuffed to the hospital bed and his blood was drawn. (*Id.* at 8.) Lewis alleges he suffered numb fingers from being handcuffed and that the officers damaged his fur coat while "looking for drugs." (*Id.*) He also alleges there is body cam and dash cam video of the incident, but that he has not been provided access to the recordings. (*See id.* at 1.)

Lewis's remaining allegations are hard to follow. He alleges that Deputy Izquirdo "tampered with" a warrant and "forged [J]udge [J]onathan Richards['s] signature on the warrant," presumably for authorization to draw Lewis's blood. (*Id.* at 8–9.) Lewis then makes a number of allegations related to what appear to be charge(s) stemming from this incident. He says that Judge Jonathan Richards was "mysteriously assigned" to his case after another judge was previously assigned and that "they couldn't locate" Deputy Izquierdo. (*Id.* at 9.) Lewis also alleges that he has "paperwork with different hand writing," and that Deputy Izquierdo "mysteriously disappeared," apparently after "he also put on [a] false police report intentionally that [Lewis] was

driving a commercial vehicle . . . with Illinois plates" when Lewis actually "was driving a class d vehicle SUV with Wisconsin plates." (*Id.* at 9–10.) He also describes various events in Milwaukee County Circuit Court both related and unrelated to his December 5, 2021 arrest, including efforts to get his driver's license reinstated and a separate 2020 traffic stop. Lewis also attaches 81 pages of police and court documents to his complaint, much of it with handwritten notes in the margins. (ECF No. 5-1.)

Lewis alleges that he is now homeless and still without a driver's license. He requests compensation for the two years he has been without his license. (ECF No. 5 at 16.)

## ANALYSIS

To state a claim under 42 U.S.C. § 1983, Lewis needs to identify a person or persons acting under color of law who violated his federal rights. *Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Lewis must still plead facts sufficient to put the defendant(s) on notice of the claims against them. Under this liberal pleading standard, the Court concludes that Lewis has pleaded sufficient facts to state Fourth Amendment claims against Sergeant Bilda and Deputies Izquierdo, Vang, Haw, Szudarski, and Miller, but his allegations are insufficient to state claims against any other defendants.

The Fourth Amendment prohibits unreasonable searches and seizures. Under § 1983, Lewis can state a Fourth Amendment claim by plausibly alleging that he was stopped without reasonable suspicion. *See Martin v. Marinez*, 934 F.3d 594, 605 (7th Cir. 2019). Or that he was searched or arrested without probable cause. *See Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012); *Martin v. Forest County*, 677 F. Supp. 3d 853, 866 (E.D. Wis. 2023). Or that the officers used excessive force during the traffic stop and Lewis's subsequent arrest. *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). An officer's failure to intervene and prevent other officers from infringing a plaintiff's Fourth Amendment rights may also create liability under § 1983. *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005). Lewis plausibly alleges that one or more of the officers violated his Fourth Amendment rights in each of these regards. He alleges that Deputy Izquierdo stopped him without reasonable suspicion and that each of the named deputies participated in that unlawful seizure. He alleges that Sergeant Bilda failed to intervene to end the seizure. He alleges that Deputies Vang, Szudarski, Izquierdo, and Miller searched him without probable cause and Deputies Vang and Haw unlawfully searched his car. He alleges that

at least Deputies Haw and Szudarski and Sergeant Bilda used excessive force in breaking his window, pulling him from his car, tackling him, and handcuffing him. And he alleges he was falsely arrested without probable cause. Accordingly, Lewis may proceed with Fourth Amendment claims against Sergeant Bilda and Deputies Izquierdo, Vang, Haw, Szudarski, and Miller.

Lewis's other allegations relating to his December 5, 2021 arrest are insufficient to state any additional § 1983 claims. Lewis alleges "racial profiling" generally but provides no factual allegations that the stop or any of the officers' subsequent actions was racially motivated. He also alleges Deputy Izquierdo violated his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), but a *Miranda* violation cannot form the basis of a § 1983 claim. *Vega v. Tekoh*, 597 U.S. 134, 152 (2022). Lewis also alleges he was "subjected to cruel and unusual punishment" when he was handcuffed to a hospital bed during his arrest, but the Eighth Amendment's prohibition on cruel and unusual punishment only applies following conviction. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). And Lewis makes only implausible and bordering-on-incoherent allegations relating to the warrant obtained by Deputy Izquierdo authorizing him to draw Lewis's blood. (*See* ECF No. 5 at 8–9.) His allegations about paperwork with different handwriting and Deputy Izquierdo "mysteriously disappear[ing]" are equally inscrutable and insufficient to support any further § 1983 claims. (*Id.* at 9–10.)

Lewis's allegations relating to proceedings in Milwaukee County Circuit Court are also insufficient to support legal claims. Lewis provides a long and rambling narrative that involves several judicial officials, a seemingly unrelated incident that Lewis was arrested for in Cudahy, and having his driver's license revoked. (*See id.* 11–17.) Lewis appears to be asking the Court to reinstate his driver's license, but it appears from his amended complaint and attached documents (as well as publicly available court records) that Lewis's license was revoked pursuant to a court order. (*See id.* at 15; ECF No. 5-1 at 22); *see also State v. Lewis*, No. 2021TR031081, Milwaukee Cnty. Cir. Ct., Feb. 8, 2022. "The *Rooker–Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983)). Under *Rooker–Feldman*, the Court does not have jurisdiction to order Lewis's license reinstated. *See Iles*

*v. White*, 879 F. Supp. 2d 993, 996–97 (C.D. Ill. 2012) (concluding *Rooker-Feldman* barred the court from addressing similar allegations related to a suspended driver's license).

To the extent Lewis is attempting to state § 1983 claims against the Milwaukee County Circuit Court, Judge Jonathan David Richards, or any of the court officials named in his amended complaint, he has not alleged facts sufficient to provide notice of any claims against them. Nor has he identified any federal law that has been violated. Furthermore, the Milwaukee County Circuit Court is not a "person" who can be sued under § 1983. *Griffin v. City of Milwaukee*, No. 10-C-243, 2010 WL 4723420, at *8 (E.D. Wis. Nov. 15, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). And judges are "entitled to absolute immunity from damages for their judicial conduct." *Snyder v. Nolen*, 380 F.3d 279, 285–86 (7th Cir. 2004). Judicial immunity also extends to "quasi-judicial conduct" of court officials. *Id.* at 286. For all these reasons, Lewis has failed to state any claims relating to the alleged events in Milwaukee County Circuit Court.

Lewis also briefly describes another traffic incident that occurred in Cudahy sometime in 2020, wherein he alleges Sergeant Bradley Summers unlawfully stopped, searched, and arrested him. (ECF No. 5 at 16.) It is unclear from the amended complaint whether Lewis is attempting to state a claim or claims relating to this incident or simply provide background information for his narrative concerning the events in Milwaukee County Circuit Court. Regardless, Lewis may not bring claims in this lawsuit for an unrelated incident against an unrelated defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). If Lewis wishes to bring claims against Sergeant Summers stemming from the alleged 2020 stop and arrest, he needs to do so in a separate lawsuit.

## CONCLUSION

Lewis may proceed with Fourth Amendment claims against Sergeant Bilda and Deputies Izquierdo, Vang, Haw, Szudarski, and Miller. All other claims, against these and any other defendants, are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Lewis may proceed IFP with § 1983 claims against Sergeant Bilda and Deputies Izquierdo, Vang, Haw, Szudarski, and Miller under the Fourth Amendment. All other claims are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this

order upon the defendants. Lewis is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees.

Lewis is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorneys. Lewis should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or his attorney(s). Lewis is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to this complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on April 11, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge