UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

v.                                                    Case No. 24-cv-0150-bhl

MICHAEL SZUDARSKI et al.,

        Defendants.

## ORDER

      In this Section 1983 case, *pro se* Plaintiff Marcus Lewis is pursuing Fourth Amendment claims against Defendants Michael Szudarski, Andrew Bilda, Steven Haw, Quiton Miller, Francisco J Izquierdo, and Yia Vang. The case is currently in the discovery phase, with discovery set to close on April 1, 2025. (ECF No. 27.) Throughout this case, Lewis has cluttered the docket with meritless and unnecessary filings despite being admonished by the Court not to do so. (*See* ECF Nos. 33, 38, 47.) This Order will address Lewis's most recent filings, as well as Defendants' responsive filings.

      On December 19, 2024, Lewis filed a motion for recusal. (ECF No. 49.) On January 8, 2025, he requested to withdraw his recusal motion. (ECF No. 51.) The Court will grant his request and consider the motion withdrawn.

      On December 23, 2024, Lewis filed a motion for default judgment as to all Defendants, arguing he is entitled to default judgment because Defendants did not timely respond to his previously denied motion for summary judgment. (ECF No. 50.) Defendants responded on January 15, 2025, arguing that Lewis's motion is frivolous. (ECF No. 52.) Defendants are correct, and Lewis's motion for default judgment will be denied as frivolous. The Court denied Lewis's motion for summary judgment, (ECF No. 39), because it failed to comply with Federal Rule of Civil Procedure 56 or Civil Local Rule 56. (ECF No. 47.) Moreover, Defendants *did* respond to his improper motion within the 30 days allowed by Civil Local Rule 56(b)(2). (*See* ECF Nos. 41–

42.) Even if they had not, Lewis would not be entitled to default judgment. *See* Fed. R. Civ. P. 55(a).

On January 16, 2025, Lewis filed a motion to compel Defendants to respond to his interrogatories, (ECF No. 53), and a "Motion for discovery," (ECF No. 55), in which he requests additional information and documents from Defendants. These motions are also improper and will be denied. As to the former motion, Counsel for Defendants has confirmed that Lewis served his interrogatories on January 8, 2025, only eight days before bringing his motion. Under the Federal Rules, Defendants have 30 days to respond. *See* Fed. R. Civ. P. 33(b)(2). And Lewis failed to certify that he attempted in good faith to confer with counsel before moving to compel, as the Federal Rules require. *See* Fed. R. Civ. P. 37(a)(1). As to the latter motion, the Court has already explained to Lewis that he needs to serve his discovery requests on Defendants, not file them with the Court. (ECF No. 33.)

Lewis has also filed three motions asking the Court to allow him to take depositions of Defendants without paying the costs associated with those depositions. (ECF Nos. 54, 66, 67.) These motions must also be denied because the Court has no authority to use public funds for depositions. *See Jordan v. Milwaukee Cnty. House of Corr.*, No. 14-cv-987-pp, 2015 WL 12964667, at *2 (E.D. Wis. Aug. 25, 2015); *see also Stapleton v. Santos*, No. 21-C-124, 2022 WL 137853, at *2 (E.D. Wis. Jan. 14, 2022) ("Courts cannot finance a party's discovery, nor can they place the financial burden of discovery on non-party individuals or the opposing party."). The *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, only authorizes the Court to allow an indigent plaintiff to proceed in a civil case without prepayment of the *filing* fee. *Jordan*, 2015 WL 12964667, at *2. It does not relieve a *pro se* litigant, even one proceeding IFP, from paying his discovery costs. *Id.* (citing *Kyles v. Mathy*, No. 09-1084, 2010 WL 3024494, at *3 (C.D. Ill. Aug. 2, 2010)). Lewis is entitled to take depositions in this case, but if he chooses to do so, he must comply with Federal Rule of Civil Procedure 30 and pay all associated costs.

Lewis has filed several other motions and documents that have been resolved without the Court's intervention. On January 27, 2025, he filed an "Objection to [Defendants'] request for medical records." (ECF No. 57.) On February 3, 2025, he moved to withdraw his objection. (ECF No. 62.) The Court will grant his motion and consider the objection withdrawn.[1] On February 5, 2025, Lewis filed a motion requesting an extension of time to respond to certain of Defendants'

---

[1] As explained below, the objection was also filed for an improper purpose and will be stricken from the record.

discovery requests. (ECF No. 65.) On February 6, 2025, Counsel for Defendants filed a letter indicating that Defendants have no outstanding requests for discovery. (ECF No. 68.) Accordingly, the Court will deny Lewis's motion as moot.

Finally, on February 3, 2025, Defendants filed a motion to strike Lewis's reply brief in support of his motion for default judgment, ECF No. 56, and his objection to Defendants' request for medical records, ECF No. 57. (ECF No. 58.) Defendants also request sanctions against Lewis for his "pattern of repeated frivolous and vexatious filings which fail to comply with the Federal Rules of Civil Procedure and Local Rules." (ECF No. 59 at 2.) The Court will grant Defendants' motion to strike but deny their request for sanctions. Both filings at issue contain unwarranted personal attacks against Defense Counsel that have no relevance to this lawsuit and serve no purpose but harassment. This is improper and Lewis is warned that the Court will not tolerate further personal attacks. *See* Fed. R. Civ. 11(b)(1).

Concerning sanctions, the Court is sympathetic to Defendants' concerns. Lewis has repeatedly filed frivolous motions and other documents that have no legal basis, despite repeated warnings from the Court not to do so. (*See* ECF Nos. 33, 38, 47.) These unnecessary filings affect the Court's ability to ensure "the just, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1. Because Lewis is proceeding *pro se*, the Court will give him **one final warning** before imposing sanctions. The Court warns Lewis that he should think twice before filing further motions and make sure that his filing is necessary and relevant. If this latest warning is ignored, the Court may be forced to impose sanctions up to and including dismissal of this case with prejudice. *See United States ex rel Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *see also Omegbu v. Milwaukee County*, No. 05-C-596, 2008 WL 220342 (E.D. Wis. Jan. 25, 2008) (warning *pro se* plaintiff that continued repetitive filings "may result in the imposition of sanctions, up to and including dismissal of this action with prejudice").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marcus Lewis's Motion to Withdraw, ECF No. 51, is **GRANTED** and his Motion for Recusal, ECF No. 49, is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Lewis's Motion for Default Judgment, ECF No. 50, is **DENIED**.

**IT IS FURTHER ORDERED** that Lewis's Motion to Compel, ECF No. 53, is **DENIED**.

**IT IS FURTHER ORDERED** that Lewis's Motion for Discovery, ECF No. 55, is **DENIED**.

**IT IS FURTHER ORDERED** that Lewis's Motion to Waive Deposition Fee, ECF No. 54, Motion to Waive Court Reported Fee, ECF No. 66, and Motion to Waive Deposition Fees, ECF No. 67, are **DENIED**.

**IT IS FURTHER ORDERED** that Lewis's Motion to Withdraw Objection, ECF No. 62, is **GRANTED**.

**IT IS FURTHER ORDERED** that Lewis's Motion for Extension of Time, ECF No. 65, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, ECF No. 58, is **GRANTED**. The Clerk is directed to strike ECF Nos. 56 and 57 from the docket.

Dated at Milwaukee, Wisconsin on February 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge