UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

v.

MICHAEL SZUDARSKI, et al

        Defendants.

Case No. 24-cv-0150-bhl

## ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS

*Pro se* Plaintiff Marcus Lewis is pursuing Fourth Amendment claims against six Milwaukee County Sheriff's Officers arising from a December 5, 2021, incident in which Lewis was arrested and the car he was driving was searched. (ECF No. 7 at 4–7.) Lewis and all Defendants have moved for summary judgment. (ECF Nos. 74 & 77.) Defendants have also moved to strike one of Lewis's more recent filings as irrelevant and seek dismissal as a sanction for Lewis's conduct and repeated violations of procedural rules. (ECF No. 98). Lewis also filed what appears to be a motion for sanctions against a non-party; that motion will be denied. (ECF No. 107.) Because the undisputed facts refute Lewis's claims, Defendants' motion for summary judgment will be granted and Lewis's motion denied. Defendants' motions to strike and for sanctions will be denied as moot.

### BACKGROUND

Plaintiff Marcus Lewis is a resident of Milwaukee. (ECF No. 105.) Defendants Michael Szudarski, Steven Haw, Quinton Miller, Yia Vang, and Francisco Iszquierdo were all Deputies for the Milwaukee County Sheriff's Office on December 5, 2021. (ECF No. 79 ¶¶1, 25, 48, 55, 62.) Defendant Andrew Bilda was a Sergeant for the Milwaukee County Sheriff's Office on December 5, 2021. (*Id.* ¶68.)

On December 5, 2021, Deputy Izquierdo initiated a traffic stop of Lewis's car after observing the car drift in and out of its lane of travel on I-94 and then cut across a triangular median to exit onto General Mitchell Boulevard. (*Id.* ¶¶5–9.) Lewis responded by stopping his car in

traffic. (*Id.* ¶9.) Deputy Izquierdo then directed Lewis to move out of traffic. (*Id.* ¶10.) After a back and forth in which Lewis got out of his car and asked for instructions, Lewis eventually moved his car out of traffic. (*Id.* ¶¶10–12.) Deputy Izquierdo notified dispatch that he suspected Lewis was operating under the influence of an intoxicant and then approached Lewis and his vehicle. (*Id.* ¶13.) He noticed that Lewis's eyes were reddened, glassy, and droopy, and that there was an odor of alcohol. (*Id.* ¶15.) Lewis's conduct led Deputy Izquierdo to suspect he was intoxicated. (*Id.* ¶20.)

After Deputy Vang arrived on scene, Deputy Izquierdo asked Lewis to leave his vehicle, but Lewis refused. (*Id.* ¶¶ 25, 30.) Deputy Izquierdo then attempted to open Lewis's locked driver side door. (*Id.* ¶¶30–35.) Observing Lewis's noncompliance, Deputy Vang retrieved stop sticks and placed them in front of Lewis's vehicle. (*Id.* ¶38.) Deputy Vang then approached the car, introduced himself, and also asked Lewis to leave his car and perform a field sobriety test. (*Id.* ¶¶39–41.) Lewis refused and stayed in his vehicle. (*Id.* ¶¶42–44.) Deputy Vang then contacted Milwaukee County Sheriff's Dispatch to inform Sergeant Bilda of their lack of progress. (*Id.* ¶45.)

Other sheriff's deputies then arrived on the scene. Deputy Szudarski arrived first, turned on his body camera, and approached Lewis's vehicle. (*Id.* ¶48–49.) Like Deputies Izquierdo and Vang, Deputy Szudarski also unsuccessfully attempted to convince Lewis to leave the car and perform a field sobriety test. (*Id.* ¶¶50–54.) Deputies Miller and Haw arrived next, as Deputy Szudarski warned Lewis that they would remove him from his car if he would not voluntarily leave it. (*Id.* ¶¶56–62.) Deputy Miller also attempted to get Lewis to comply and was unsuccessful. (*Id.* ¶66.) All the officers noticed Lewis's visible signs of intoxication. (*Id.* ¶¶36, 50, 59, 65.) Sergeant Bilda arrived shortly thereafter, was briefed by Deputy Vang, and observed Lewis's signs of intoxication. (*Id.* ¶¶70–72.) Based on the information he received and his own observations, Sergeant Bilda concluded there was probable cause to arrest Lewis for operating while under the influence of drugs or alcohol, and for obstructing. (*Id.* ¶73.)

The officers then took steps to remove Lewis from his vehicle. (*Id.* ¶81.) Deputy Haw used his window punch tool to break the driver's side window, and Deputy Szudarski then unlocked and opened the driver's door. (*Id.*) After opening the door, Deputy Miller again ordered Lewis to leave the car. (*Id.* ¶84.) When Lewis refused to comply, Deputies Szudarski, Miller, and Izquierdo physically restrained him and, with Sergeant Bilda's help, removed Lewis from the car and moved him to the ground. (*Id.* ¶¶85–87.) As they did this, Deputy Haw unholstered his

Taser, pointed it at Lewis, and then warned Lewis that he would tase him if he did not cooperate. (*Id.* ¶89.) But by that point, the other officers had moved Lewis's arms behind his back, and Seargeant Bilda told Deputy Haw not to tase Lewis. (*Id.* ¶90.) Deputy Miller and the other officers then placed handcuffs on Lewis's wrists. (*Id.* ¶¶91–93.) Lewis and the car were then searched incident to his arrest and the car was later towed and inventoried. (*Id.* ¶¶96–97.)

The officers took Lewis to Froedtert Memorial Lutheran Hospital for medical care and to obtain a blood sample for drug and alcohol testing. (*Id.* ¶102.) Two other deputies, VandenOever and Galezewski, arrived and assisted Deputy Szudarski in escorting Lewis into the hospital. (*Id.* ¶119.) At the hospital, Lewis reported that his wrist hurt and requested that the nurse treating him loosen his handcuffs. (*Id.* ¶114.) After checking the handcuffs and observing that they were not too tight, the nurse elected not to loosen the handcuffs and suggested that Lewis stop moving around. (*Id.* ¶115.)

Lewis then refused to consent to providing a blood sample. (*Id.* ¶121.) Accordingly, Deputy Izquierdo prepared and signed an "Operating While Intoxicated" search warrant affidavit and sent it to the warrant duty judge. (*Id.* ¶¶121–123.) Lewis spoke to Deputy Szudarski while the officers waited for a response. (*Id.* ¶124–128.) The warrant duty judge signed the search warrant for Lewis's blood draw at 4:10 am, and the blood draw occurred at 4:55am. (*Id.* ¶131–132.) The results showed a blood alcohol level over the legal limit. (*Id.* ¶139.) Lewis was later transported to the Milwaukee County Criminal Justice Facility and issued citations for Unsafe Lane Deviation, Operating While Under the Influence, and Operating with Prohibited Alcohol Concentration. (*Id.* ¶137.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chi.*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

The rules and procedures governing summary judgment apply to both represented and *pro se* parties. *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). This Court's local rules recognize, however, that *pro se* litigants may be unfamiliar with their obligations at summary judgment. Accordingly, the Court has adopted safeguards to help ensure that unrepresented parties understand the basic summary judgment process. When a represented party files a motion for summary judgment against a *pro se* litigant, Civil Local Rule 56(a)(1)(A) requires the moving party to include in their motion "a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." Civil Local Rule 56(a)(1)(B) also requires the moving party to include in their motion "the text to Fed. R. Civ. P. 56 (c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7," which describe the proper procedure and form for responding to a motion for summary judgment, as well as the consequences of failing to do so.

## ANALYSIS

Following the Court's screening order, Lewis is proceeding on Section 1983 claims that (1) Deputy Izquierdo stopped him without reasonable suspicion; (2) Sergeant Bilda and Deputies Izquierdo, Vang, Haw, Szudarski, and Miller unlawfully arrested him without probable cause; (3)

Deputies Vang, Szudarski, Izquierdo, and Miller searched him without probable cause; (4) Deputies Vang and Haw unlawfully searched his mother's car; (5) Deputies Haw, Szudarski and Sergeant Bilda used excessive force in breaking his window and arresting him; and (6) Sergeant Bilda failed to intervene to end the allegedly improper seizure.

Both sides seek summary judgment on all claims. As required by Federal Rule of Civil Procedure 56 and Civil Local Rule 56, Defendants have supported their motion with a brief and set of proposed undisputed facts along with citations to sworn declarations and authenticated exhibits. (ECF Nos. 77–87.) Lewis, on the other hand, did not comply with these requirements. Lewis supports his motion with a variety of unauthenticated documents, many of which have no relevance to his claims. (*See* ECF No. 74.) Lewis also failed to file his own set of proposed undisputed facts and failed to respond to Defendants' proposed facts. His summary judgment brief does not refer to any relevant legal authority and does not develop arguments in support of his claims. Instead, Lewis devotes much of his brief to claims that have been dismissed or to his claimed damages.

Lewis's failure to follow the required summary judgment procedures has consequences for the pending motions. As required by Civil Local Rule 56(a)(1)(A), Defendants informed Lewis in their motion that any factual assertions in their evidence would be accepted by the Court as being true unless he submitted his own admissible documentary evidence contradicting those factual assertions. (ECF No. 77 at 2.) And, as required by Civil Local Rule 56(a)(1)(B), Defendants also included the text to Fed. R. Civ. P. 56(c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 in their motion. (*Id.* at 4–9.) Lewis was thus on notice of the proper summary judgment procedures and the consequences of his failure to follow them. The Court will therefore accept Defendants' proposed factual statements as undisputed in analyzing both parties' summary judgment motions. *See* Fed. R. Civ. P. 56(e)(2); Civil L. R. 56(a)(1)(A) (E.D. Wis. 2010); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

This does not necessarily mean that Defendants' motion must be granted. Under Federal Rule of Civil Procedure 56, Defendants must still "'show that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson*, 1 F.4th at 483 (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Because Defendants carried this burden, as set forth below, their motion will be granted.

I.    **Defendants' Motion for Summary Judgment Will be Granted as to All Claims.**

Defendants argue that Lewis has not entered any evidence to show he is entitled to relief on any of his claims. (ECF No. 78 at 12.) They also argue that the undisputed facts show they are entitled to summary judgment as a matter of law because their conduct did not violate Lewis's constitutional rights. (*Id*.) Because Defendants motion for summary judgment will be granted, and because Lewis has not supported his motion for summary judgment with any relevant facts or legal argument, Lewis's motion for summary judgment will be denied.

### A. Defendant Izquierdo is Entitled to Summary Judgment on Lewis's Claim that Izquierdo Stopped His Vehicle Unconstitutionally.

Lewis's first claim is that Deputy Izquierdo unconstitutionally stopped him while he was driving his mother's car in violation of his Fourth Amendment rights. Deputy Izquierdo argues he is entitled to summary judgment because the undisputed facts establish that he had probable cause to make the traffic stop. (ECF No. 78 at 12.)

The Fourth Amendment protects individual citizens from illegal seizures or arrests. U.S. Const. amend. IV. Individuals are seized within the meaning of the Fourth Amendment when an officer conducts a traffic stop. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979). An automobile stop is reasonable and thus constitutional if the officer conducting the stop has probable cause to believe that a traffic violation has occurred. *Whren v. U.S.*, 517 U.S. 806, 810 (1996). In *Whren*, the Supreme Court confirmed that police officers act within the requirements of the Fourth Amendment when they stop a driver after witnessing even extremely minor traffic infractions, so long as a reasonable officer *could* have made the stop and probable cause existed for the officer to believe the traffic infraction occurred. *Id.* at 814–19. The Seventh Circuit has similarly held that an investigatory stop of a vehicle is constitutional so long as it is supported by "specific and articulable facts giving rise to reasonable suspicion" of criminal activity. *United States v. Oglesby*, 597 F.3d 891, 894 (7th Cir. 2010).

The undisputed facts establish that Defendant Izquierdo had a constitutional basis to make the traffic stop. Izquierdo saw Lewis drift in and out of his lane of travel, cross multiple lanes of traffic, and then illegally cross a median area as the car was exiting I-94 westbound. *See* Wis. Stat. §346.13; 346.62. These are basic violations of traffic laws, justifying the traffic stop. *See Whren*, 517 U.S. at 810. Moreover, given the time of night, Lewis's drifting and erratic driving while exiting the highway also provided grounds for an objectively reasonable suspicion that he was driving while intoxicated, which would also have justified the stop. *See Terry v. Ohio*, 392 U.S. 1

(1968); *Oglesby*, 597 F.3d at 894. Because no reasonable jury could conclude, based on the record established, that Izquierdo did not have a basis to make the initial stop, the Court will grant summary judgement to Izquierdo on this claim.

      **B.      The Defendants Are Entitled to Summary Judgment on Lewis's Claim that his Arrest Was Unsupported by Probable Cause**

Lewis next claim is that all the defendants violated his Fourth Amendment rights by arresting him without probable cause or a warrant. Defendants argue that Lewis's arrest was supported by probable cause, and they are entitled to summary judgment because their actions were constitutional. (ECF No. 78 at 15.) Defendants also argue they are entitled to qualified immunity. (*Id.* at 30.) Because the record confirms Defendants had probable cause to support Lewis's arrest, they are entitled to summary judgment on this claim as well and the Court need not address their qualified immunity defense.

Probable cause to arrest is an absolute defense to a wrongful arrest claim under §1983. *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006); *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997). The relevant question here is therefore whether the officers had probable cause to support their arrest of Lewis. Police officers have probable cause to arrest an individual when the facts and circumstances that they know of are sufficient to warrant a prudent person in believing that individual has committed an offense. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). Probable cause requires only a substantial chance of criminal activity, not absolute certainty, and is evaluated from the perspective of a reasonable person in the arresting officer's position. *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003); *Woods v. City of Chi.*, 234 F.3d 979, 987 (7th Cir. 2000). Probable cause is a commonsense standard that allows officers to draw reasonable inferences based on their training and experience. *Ornelas v. U.S.*, 517 U.S. 690, 700 (1996). In addition, a charge being eventually dismissed does not establish that there was not probable cause at the time of the arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

Defendants had probable cause to arrest Lewis. First, the record confirms Defendants had probable cause to arrest Lewis for driving while intoxicated. By the time of his arrest, Lewis had been observed violating traffic laws, (ECF No. 79 ¶¶3–6), stopping his car in the lane of travel, (*id.* ¶9), slurring his speech, (*id.* ¶18), and showing other signs of intoxication, like bloodshot eyes and fumbling movements, (*id.* ¶¶17, 20). Multiple officers attested to noticing these

circumstances and an odor of alcohol.  (*Id.* ¶¶20, 36, 40, 50, 59, 64, 65, 72.)  After Defendants observed these circumstances, they engaged in a lengthy process of attempting to convince Lewis to leave his car and perform a field sobriety test, which he repeatedly refused.  (*Id.* ¶¶20–73.)  The body worn camera footage provided by Lewis confirms that his physical appearance, affect, and speech suggested that he was impaired.  (ECF No. 8.)  This repeated refusal, in combination with the multiple signs of inebriation and erratic driving, provided a reasonable basis for Defendants to conclude that there was a substantial chance that Lewis had driven a car while intoxicated, in violation of Wisconsin Statute §364.63.  In addition, they also likely had probable cause to arrest Lewis for resisting or obstructing an officer, *see* Wis. Stat. §946.41, or reckless driving, *see* Wis. Stat. §346.62(2).  *See U.S. v. Bogan*, No. 17-cr-128, 2017 WL 9485688, at *2 (E.D. Wis. Sep. 26, 2017), *report and recommendation adopted*, No. 17-cr-128, 2017 WL 4773303 (E.D. Wis. Oct. 23, 2017) (finding that failure to comply with lawful order provided probable cause to arrest for a violation of §964.61).  Because there was probable cause to arrest Lewis for driving while intoxicated, among other offenses, the officers are entitled to summary judgment on this claim.

      C.    **Defendants Vang, Szudarski, Izquierdo, and Miller are Entitled to Summary Judgment on Lewis's Claim that They Unlawfully Searched Him.**

Lewis next claims that Defendants Vang, Szudarski, Izquierdo, and Miller unlawfully searched him after his arrest.  Defendants argue that he was searched incident to an arrest that was supported by probable cause, rendering the search constitutional.  (ECF No. 78 at 24.)  Because Defendants had probable cause to support Lewis's arrest, they are entitled to summary judgment on this claim too.

Under *United States v. Robinson*, officers may search an individual being arrested without additional probable cause to justify the search, so long as there was probable cause to support the arrest.  414 U.S. 218, 235 (1973).  Searches incident to arrest are justified based on both officer safety, and the need to recover evidence, and can therefore be more thorough than a quick pat down that would be acceptable under *Terry.  Id.* at 235–36; *Virgina v. Moore*, 553 U.S. 164, 177 (2008).  As explained above, the officers had ample probable cause to arrest Lewis, given the overwhelming indications that he was driving a vehicle while intoxicated.  Accordingly, upon his arrest, Defendants were justified in searching his person, and it was not a constitutional violation to do so.  *Robinson*, 414 at 235.  The Court will grant summary judgment to the Defendants on this claim related to the search of Lewis's person.

### D. Defendants Vang and Haw are Entitled to Summary Judgment on Lewis's Claim that They Unlawfully Searched his Mother's Car.

Lewis also claims that Defendants Vang and Haw unlawfully searched his mother's car after his arrest. Defendants argue that exceptions to the warrant requirement support the search of the vehicle Lewis was driving. (ECF No. 78 at 25–26.) Again, because the undisputed facts establish that Defendants' search of Lewis's car was reasonable, they are entitled to summary judgment.

Under federal law, officers do not need a warrant to conduct an inventory search of automobiles that will be impounded; these inventory searches permit officers to secure the contents of impounded automobiles, avoid leaving dangerous items unsecured, and safeguard private property. *See South Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976). When inventory searches of impounded automobiles are conducted pursuant to an official policy that is reasonable under the Fourth Amendment, the inventory search provides a valid exception to both the probable cause and warrant requirements. *United States v. Cartwright*, 630 F.3d 610, 613–15 (7th Cir. 2010). Defendants have not addressed the applicability of the inventory exception to the warrant requirement as it related to the search of Lewis's mother's vehicle. Nor have they provided evidence concerning any policy governing the Milwaukee County Sheriff's department's searches of impounded automobiles. Accordingly, the Court notes that this exception might apply to the present facts but cannot analyze the search at issue under this caselaw.

Federal law also recognizes that a search incident to arrest can constitutionally extend to include a search of the arrested person's vehicle. *See Arizona v. Gant*, 556 U.S. 332, 335 (2009). Officers may search a vehicle incident to the arrest of a recent occupant when they have a reasonable belief that evidence related to the offense might be found in the passenger compartment of the vehicle. *Id.* at 1716–24. In Wisconsin, *State v. Coffee* applies *Gant* in the context of operating while intoxicated offenses. 943 N.W.2d 845 (Wis. 2020). *Coffee* specifies that officers may search a car incident to the arrest of an individual for an operating while intoxicated offense if the totality of the circumstances objectively supports a reasonable suspicion that the car contains evidence that the driver was operating it while intoxicated. *Id.* at 855–57.

The undisputed facts establish that Defendants Vang and Haw had reasonable suspicion to believe that there may have been evidence of Lewis's intoxication in the car. (ECF No. 78 at 27.) Lewis refused to unlock his door or leave the car, and the deputies smelled alcohol near the car;

this provided a reasonable suspicion that there may have been alcohol in the car, and the search was therefore constitutional under *Gant* and *Coffee*. (ECF No. 78 at 25–26 (citing *State v. Griffin*, 2022AP1667-cr, 2023 WL 8826648 (Ct. App. Dec. 21, 2023) (refusal to open windows or unlock doors grounds for reasonable suspicion); *Coffee*, 943 N.W.2d at 855 (odor of alcohol grounds for reasonable suspicion)).) The Court will enter summary judgment for Defendants in relation to this claim.

> E. **Defendants Haw, Szudarski, and Bilda are entitled to Summary Judgment on Lewis's Fourth Amendment Excessive Force Claim.**

Lewis's next claim is that Defendants Haw, Szudarski, and Bilda used excessive force while removing him from his vehicle. Because the undisputed facts show that the force used was reasonable under the circumstances, Defendants are entitled to summary judgement.

Excessive force claims are analyzed under the Fourth Amendment's reasonableness standard. *Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016). Officers are entitled to use reasonable force to effectuate an arrest. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). In judging the reasonableness of an officer's use of force, courts consider factors including "the severity of the crime, whether the arrestee poses an immediate threat to the safety of the officers or others, and whether he or she is actively resisting arrest or attempting to flee and evade arrest." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013) (citing *Graham*, 490 U.S. at 396). Courts distinguish between passive noncompliance and active attempts to resist or avoid arrest, but officers can still use some amount of force to effectuate an arrest when a suspect is passively noncomplying. *See Becker*, 821 F.3d at 927; *Padula v. Leimbach*, 656 F.3d 595, 603 (7th Cir. 2011); *Smith v. Ball State Univ.*, 295 F.3d 763, 771 (7th Cir. 2002). In *Padula*, officers who forcibly removed a driver whom they believed to be intoxicated from a car when he refused to exit on his own, and subsequently pepper sprayed him and struck him with batons, were found to have used a reasonable amount of force. 656 F.3d at 602–03. Similarly, in *Smith*, an unresponsive, but not resisting, driver was removed by force from his vehicle after being ordered to exit; there, that use of force was also found to be reasonable, especially because the officers were faced with an unresponsive, unpredictable driver whom they expected was intoxicated, who had refused to turn off or exit his vehicle. 295 F.3d at 770.

There is no evidence in the record that Defendants used an improper amount of force beyond what was necessary to break Lewis's window, unlock the car door, remove him from the

car, and then handcuff him. *See Padula*, 656 F.3d at 603; *Smith*, 295 F.3d at 771. Lewis was a suspected intoxicated driver who would not leave or turn off his vehicle, which the officers believed created a threat to the public. (ECF No. 78 at 20). Lewis had refused to leave multiple times and explicitly stated he would not leave the car. (ECF No. 8 at 1:01–6:52 (Szudarski's body worn camera footage showing Lewis repeatedly refuse to leave the car, and Defendants removing Lewis from the car).) Because Defendants had probable cause to support their arrest of Lewis and used the force necessary to physically remove him from the car and handcuff him, they are entitled to summary judgment.

Lewis does not claim that he was injured by the Defendants' use of force. The closest he comes are scattered and unsupported assertions in his briefing about his handcuffs being too tight. The Seventh Circuit has recognized excessive force claims based on overly tight handcuffs, stating that "[a] person has the right to be free from an officer's knowing use of handcuffs in a way that would inflict unnecessary pain or injury, if that person presents little or no risk of flight or threat of injury." *Rooni v. Biser*, 742 F.3d 737, 742 (7th Cir. 2014). But no evidence suggests any Defendant knowingly or intentionally handcuffed Lewis to cause him unnecessary pain. Indeed, Lewis admits that a nurse checked the handcuffs at the hospital and found they were not improperly tight. (ECF No. 79 ¶115.)

Because there is no basis to conclude that any of the alleged uses of force were unreasonable under the circumstances, the Court will grant summary judgment to the Defendants on this claim.

### F. Defendant Bilda is Entitled to Summary Judgment on Lewis's Failure to Intervene Claim.

Lewis's final claim is that Sergeant Bilda violated his constitutional rights by failing to intervene and prevent other officers from infringing Lewis's Fourth Amendment rights. Because the record shows that there was no underlying violation of Lewis's constitutional rights, this claim fails as a matter of law and Sergeant Bilda is entitled to summary judgment.

*Yang v. Hardin* establishes that an officer who is present, but fails to intervene to prevent another officer from infringing a citizen's constitutional rights is liable under Section 1983 if the officer had reason to know "(1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm

from occurring." 37 F.3d 282 (7th Cir. 1994). As discussed above, however, the undisputed facts establish that the officers did not violate Lewis's constitutional rights. The officers' decision to arrest him, their subsequent searches and their use of force in arresting him were all constitutional. Accordingly, Sergeant Bilda could not have unconstitutionally failed to intervene, making summary judgment appropriate on this claim too.

II.     **Defendants' Motion to Strike and Motion for Sanctions are Now Moot**

On August 7, 2025, Defendants filed a motion to strike Lewis's "Motion for Settlement Conference" and a motion for sanctions. (ECF Nos. 97 & 98.) Because the Court will grant Defendants' motion for summary judgment, and Defendants sought only dismissal in their motion for sanctions, both Defendants' motions are now moot.

## CONCLUSION

There is no dispute of material fact and Defendants are entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 74, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgement, ECF No. 77, is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, ECF No. 98, and Defendant's Motion for Sanctions, EF No. 98, are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions, ECF No. 107, is **DENIED**.

Dated at Milwaukee, Wisconsin on November 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge