UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

  v.

Case No. 24-cv-0150-bhl

MICHAEL SZUDARSKI, et al

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On November 4, 2025, this Court granted Defendants' motion for summary judgment and dismissed this case. (ECF No. 109.) On November 10, 2025, Plaintiff Marcus Lewis filed a document titled "Motion to Reinstate Case/ Motion to Vacate Dismissal and Reinstate Civil Case". (ECF No. 110.) The Court will interpret Lewis's filing as a motion for reconsideration.

### LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. To prevail, the movant must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). A manifest error of law refers to the disregard, misapplication, or misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Parties may not use a motion for reconsideration to advance new arguments or theories that they should have raised before the Court rendered a judgment, or to present evidence that they could have presented earlier. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

### ANALYSIS

Lewis raises a number of concerns, none of which warrant reconsideration of the Court's summary judgment ruling. Most of the arguments relate to extraneous procedural matters having

no bearing on the final disposition of the case. Others are simply a rehash of the arguments that Lewis made, and the Court rejected, at summary judgment.

Lewis first complains about the Clerk's alleged delay in filing his response to Defendant's motion to strike one of his filings. (ECF No. 110 at 1). He asserts that he attempted to file this document on October 14, but it was not filed until October 20, 2024. (*Id.* (referencing ECF Nos. 102 & 103.) He also points out that he later filed a motion for sanctions (or to investigate) the clerk's office concerning this late filing. (ECF No. 107.) None of these allegations has anything to do with the ultimate resolution of this case. As a preliminary matter, the filings are unrelated to the Court's summary judgment ruling. Moreover, the Court ultimately denied Defendants' motion to strike as moot, (ECF No. 108), so any delay in docketing Lewis's response did not matter.

Lewis also contends that because the civil judgment was signed by the deputy clerk the dismissal was unauthorized by any judge. (ECF No. 110 at 1.) This is simply wrong as a matter of law. The entry of a civil judgment is an administrative task for which the Clerk is responsible. (ECF No. 109.) *See* Fed. R. Civ. P. 58. The substantive order granting Defendants' motion for summary judgment and dismissing his case was written and signed by this Court. (ECF No. 108.) There was nothing improper about the clerk's conduct.

Lewis also raises a number of the same arguments that he unsuccessfully relied upon in opposing Defendant's motion for summary judgment. The common thread in most of these arguments is Lewis's attempt to dispute the Court's description of the facts in this case. (ECF No. 110 at 3–4.) As the Court explained in its summary judgment order, Defendants submitted a set of proposed undisputed facts with their motion for summary judgment. (ECF No. 108 at 5 (citing Civil L. R. 56(a)(1(A)); ECF No. 77 at 2).) When Lewis failed to respond to those proposed facts with objections and evidence creating a good faith dispute over any of the proposed facts, the Court deemed those facts admitted. *See* Fed. R. Civ. P. 56(e)(2); Civil L. R. 56(a)(1)(A)(E.D. Wis. 2010); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Lewis was aware of this requirement because Defendants included with their motion a copy of the rule, as required by this Court's Local Rules. It is now far too late for Lewis to object about Defendants' proposed facts. Moreover, the Court notes that even if he had properly responded, it likely would not have mattered. The parties submitted body camera footage of the events in question and that footage confirms the Court's summary of the material facts.

Lewis also complains that the Court did not force the Defendants to attempt to negotiate a settlement with him. (ECF No. 110 at 2.) But it is not the Court's job to force parties to settle. This complaint is frivolous.

In the end, Lewis's motion does not satisfy the high bar for securing relief under Rule 59(e). He has not identified any new evidence that was not available before the Court's judgment and does not make any credible argument that the Court's decision contained a manifest error of law or fact. Lewis's disappointment and frustration about his unsuccessful lawsuit, and the events giving rise to it, do not entitle him to relief. Lewis's motion for reconsideration is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion, ECF No. 110, is **DENIED**.

Dated at Milwaukee, Wisconsin on December 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge