UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

                                    Case No. 24-cv-0150-bhl

    v.

MICHAEL SZUDARSKI, et al

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT

Plaintiff Marcus Lewis is a vexatious *pro se* litigator who has filed six cases in this District over the past two years. (*See Lewis v. Szudarski*, 24-cv-00150-BHL, ECF No. 1; *Lewis v. Bilda*, 24-cv-00589-BHL, ECF No. 1; *Lewis v. City of Cudahy*, 24-cv-00918-BHL, ECF No. 1; *Lewis v. Ludwig*, 24-cv-01013-PP, ECF No. 1; *Lewis v. City of Cudahy*, 24-cv-01492-BHL, ECF No. 1; *Lewis v. Dugan*, 25-cv-00645-BHL, ECF No. 1.) All six cases have been dismissed, with only this one surviving screening. Lewis's complaints are difficult to follow, with smatterings of factual allegations jammed between recitations of legal jargon and citations. Ultimately, his claims are largely related to an arrest and subsequent court proceedings in which he believes he was not treated properly. After allowing him to proceed with this case, the Court granted summary judgment to the Defendants based on uncontroverted evidence that they had not violated Lewis's Fourth Amendment rights and that his allegations to the contrary were unsupported. (ECF No. 108.) Six days after the Court's summary judgment order, Lewis filed a "Motion to Reinstate Case/Motion to Vacate Dismissal and Reinstate Civil Case," which the Court construed as a motion under Federal Rule of Civil Procedure 59(e) and denied. (ECF Nos. 110 & 116.)

Undeterred, Lewis has now filed a "Motion for summary judgment based on fraud on the court rule 60(d)(3)," (ECF No. 117), which the Court will construe as a motion for relief from judgment under Federal Rule of Civil Procedure 60 and also deny. Lewis's latest filing repeats many of the arguments in his prior motion challenging the Court's summary judgment order. He complains about the Clerk's alleged delay in filing one of his response briefs. He also claims the

Clerk (not the Court) drafted an order denying one of his motions. And he accuses the Court of misconduct in connection with its handling of the telephonic scheduling conference in this case. None of these assertions constitutes fraud on the Court or otherwise justifies any form of relief.

Rule 60 recognizes two types of fraud that could merit relief from a judgment. First, the Court can grant relief from a judgment based on misrepresentation or misconduct by an opposing party that prevented the full and fair presentation of a party's case. *Kennedy v. Schneider Electric*, 893 F.3d 414, 419 (7th Cir. 2018) (citations omitted); *see also* Fed. R. Civ. P. 60(b)(3). Second, relief can be granted based on a "fraud on the court," which is legally defined as a fraud "directed to the judicial machinery itself" and involving "circumstances where the impartial functions of the court have been directly corrupted." *Kennedy*, 893 F.3d at 419 (citations omitted); *see also* Fed. R. Civ. P. 60(d)(3).

Lewis's papers do not establish either form of fraud.[1] His complaints about Clerk's Office staff "suppressing" his filings are frivolous. The record confirms that his *untimely* response to one of Defendants' motions was in fact docketed and, regardless, the Court ultimately ruled in his favor, denying the motion at issue. (*See* ECF Nos. 98, 102, 108.) As for the Court's orders, they are drafted by the Court and docketed by the Clerk, not vice versa. Finally, his complaints about the telephonic scheduling conference, which he joined late, are without merit. He raised the same issue in his lawsuit before Chief Judge Pepper, and she rejected his claim at screening. (*Lewis v. Ludwig*, 24-cv-01013-PP, ECF No. 4 at 10.) Nothing improper happened during the telephonic scheduling conference, either before or after Lewis called in. Lewis's remaining accusations and complaints are similarly off-base and do not warrant further discussion.

Finally, the Court notes that its patience with Lewis is running out. In dismissing his most recently filed case, the Court entered a filing bar against Lewis based on his demonstrated history of frivolous and vexatious filings. (*Lewis v. Dugan*, 25-cv-00645-BHL, ECF No. 8.) If Lewis makes further frivolous filings, he may be subject to additional sanctions, including a monetary fine or broader filing bar. *See McCready v. eBay, Inc.*, 453 F.3d 882, 892–93 (7th Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)) (sanctioning a vexatious *pro se* litigator).

---

[1] Lewis also filed several audio recordings, including recordings of his meet and confers with opposing counsel, a recording of an interactions with the Clerk of Court's office staff, and others. (ECF No. 119.) None of these recordings support his allegations of fraud on the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion, ECF No. 117, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 11, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge